JULIA PENNY CLARK (*pro hac vice application forthcoming*)
jpclark@bredhoff.com
ADAM BELLOTTI (*pro hac vice application forthcoming*)
abellotti@bredhoff.com
BREDHOFF & KAISER PLLC
805 Fifteenth Street NW, Suite 1000
Washington D.C. 20005
Telephone: (202) 842-2600
Facsimile: (202) 842-1888

KIRK M. PRESTEGARD (SBN 291942)
kprestegard@bushgottlieb.com
BUSH GOTTLIEB
A Law Corporation
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260
Telephone: (818) 973-3200
Facsimile: (818) 973-3201

Attorneys for PLAINTIFFS BAKERY AND CONFECTIONERY UNION AND INDUSTRY INTERNATIONAL PENSION FUND and BOARD OF TRUSTEES OF THE BAKERY AND CONFECTIONERY UNION AND INDUSTRY INTERNATIONAL PENSION FUND

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BAKERY AND CONFECTIONERY UNION AND INDUSTRY INTERNATIONAL PENSION FUND and BOARD OF TRUSTEES OF THE BAKERY AND CONFECTIONERY UNION AND INDUSTRY INTERNATIONAL PENSION FUND,<br><br>Plaintiffs,<br><br>vs.<br><br>JAKMA, INC. d/b/a SCHWARTZ BAKERY, a California corporation,<br><br>Defendant. | CASE NO.<br><br>**COMPLAINT TO COMPEL AUDIT AND RECOVER UNPAID CONTRIBUTIONS UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974 AND FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT**<br><br>**[29 U.S.C. §§ 185(a) & 1132]** |

Plaintiffs Bakery and Confectionery Union and Industry International Pension Fund and Board of Trustees of the Bakery and Confectionery Union and Industry International Pension Fund ("Plaintiffs") allege as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331; § 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(e)(1); and § 301(c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(c).  This is an action for declaratory relief, injunctive relief, and damages requiring the defendant to furnish information to the Plaintiff Bakery and Confectionery Union and Industry International Pension Fund (herein referred to as "Pension Fund"), to allow the Plaintiffs to conduct an audit of appropriate records to determine whether defendant has complied with its obligation to make contributions to the Pension Fund, and to collect delinquent contributions.  This action is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq., and § 301 of the LMRA, as amended, 29 U.S.C. § 185(a).

2.      Venue is proper in this district pursuant to both 28 U.S.C. § 1391(b) and 29 U.S.C. § 1132(e)(2) because this is the district in which the Defendant resides.

## PARTIES

3.      The Pension Fund is a trust fund established and maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).  The Pension Fund is an employee benefit plan within the meaning of Sections 3(2) and 3(3) of ERISA, 29 U.S.C. §§ 1002(2) and (3), and is maintained for the purpose of providing retirement and related benefits to eligible participants and their beneficiaries.  The Pension Fund is also a multiemployer pension plan within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37).

4.      Plaintiff Board of Trustees of the Bakery and Confectionery Union and

Industry International Pension Fund (hereinafter referred to as "Plaintiff Pension Fund Trustees") are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

5. Plaintiffs maintain their principal place of business at 10401 Connecticut Avenue, Kensington, Maryland 20895.

6. Plaintiffs bring this action on behalf of themselves and on behalf of Pension Fund participants and beneficiaries pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), and Section 301 of the LMRA, 29 U.S.C. § 185.

7. Defendant Jakma, Inc., d/b/a Schwartz Bakery (herein referred to as "Defendant"), is an employer in an industry affecting commerce within the meaning of Sections 3(5), 3(11), and 3(12) of ERISA, 29 U.S.C. §§ 1002(5), (11) and (12), and Sections 2(2), 2(6) and 2(7) of the LMRA, 29 U.S.C. §§ 152(2), (6) and (7).

8. Defendant is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 1730 Cordova Street, Los Angeles, California 90007. That location is within this judicial district.

## STATEMENT OF CLAIM

9. From at least January 1, 2012 through the present, Defendant was party to a series of collective-bargaining agreements with Local Union No. 37 of the Bakery, Confectionery, Tobacco Workers and Grain Millers International Union (herein "the Local Union"), covering employees working in certain job classifications.

10. Those collective-bargaining agreements are contracts between an employer and a labor organization within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185.

11. Those collective-bargaining agreements require Defendant to make contributions to the Pension Fund for the purpose of providing pensions to employees working in the bargaining unit represented by the Local Union.

12. The collective bargaining agreement further provides that Defendant

1 | agrees to accept and be bound by the provisions of the Pension Fund's Agreement
2 | and Declaration of Trust ("Trust Agreement"). The provisions of the Trust
3 | Agreement are "terms of the plan" within the meaning of Section 502(a)(3) of
4 | ERISA, 29 U.S.C. § 1132(a)(3).

5 |     13.   Article IX, Section 2 of the Trust Agreement at all relevant times
6 | provided that "[a]n Employer may become a party to this Trust Agreement only by
7 | executing such written instruments as the Trustees may, from time to time,
8 | prescribe, and acceptance by the Trustees of such an Employer shall be based on the
9 | representations set forth by the Employer in such written instruments."

10 |     14.   Pursuant to that provision in the Trust Agreement, the Trustees have
11 | prescribed the Standard Collective Bargaining Clause ("Standard Clause") as the
12 | written instrument which employers must sign as the condition of participation in
13 | the Pension Fund. 16. No later than on or about May 18, 2005, the Defendant and
14 | the Local Union signed the Standard Clause. The terms of the Standard Clause have
15 | been effective at all times from at least January 1, 2005, through the present.

16 |     15.   The Standard Clause is a contract between an employer and a labor
17 | organization within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185.

18 |     16.   Paragraph (g) of the Standard Clause provides that the Standard Clause
19 | is the "sole and total agreement" between Defendant and the Union on the subject of
20 | pensions or retirement.

21 |     17.   The Pension Fund is entitled to rely, and has in fact relied, on the terms
22 | contained in Defendant's Standard Clause in providing pension benefits to
23 | Defendant's employees. The Pension Fund is not bound by contrary terms in any
24 | collective bargaining agreements outside of the Standard Clause.

25 |     18.   At all times relevant to this action, the Defendant has made
26 | contributions to the Pension Fund for the purpose of providing pension benefits to
27 | bargaining unit employees in at least two different accounts, Account No. 9356-A
28 | and Account No. 5811-A.

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

19. The rate of contributions that the Defendant was required to pay to the Pension Fund was increased periodically between January 1, 2012 and the present. The applicable rates were stated as an amount per day (or portion thereof) that a covered employee worked or received pay in lieu of work, up to a maximum per week for any one employee, as follows for each specified account:

Account No. 5811A:

| Effective Date | Rate per Day |
| --- | --- |
| 1-1-2004 | $11.28 |
| 6-1-2012 | $11.844 |
| 1-1-2013 | $12.408 |
| 5-16-2013 | $13.6488 |
| 5-16-2014 | $15.0137 |
| 5-16-2015 | $16.5150 |
| 5-16-2016 | $18.1665 |
| 5-16-2017 | $19.9832 |

Account No. 9356-A:

| Effective Date | Rate per Day |
| --- | --- |
| 7-1-1991 | $0.80 |
| 6-1-2012 | $0.84 |
| 1-1-2013 | $0.88 |
| 5-16-2013 | $0.968 |
| 5-16-2014 | $1.0648 |
| 5-16-2015 | $1.1713 |
| 5-16-2016 | $1.2884 |
| 5-16-2017 | $1.4172 |

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

20. At all times relevant to this action, Article V Section 5 of the Trust Agreement has provided as follows:

> "The Employers shall make all reports on contributions required by the Trustees. The Trustees may at any time have an audit made by independent certified public accountants of the payroll and wage records of any employer in connection with the said contributions and/or reports."

21. At all times relevant to this action, Article V Section 4 of the Trust Agreement has provided in pertinent part as follows:

> "The Trustees may take any action necessary to enforce payment of the contributions due hereunder, including but not limited to proceedings at law and in equity, including but not limited to reasonable counsel fees."

22. On or about October 20, 2017, the Accounts Receivable Supervisor of the Pension Fund notified the Defendant by letter that a payroll audit had not been completed for the 2010 and 2015 audit program years. The purpose of those audits would have been to determine whether Defendant had fully and timely complied with its obligations to contribute to the Pension Fund pursuant to the collective-bargaining agreements during the time period from at least January 1, 2012 through the present. The Accounts Receivable Supervisor requested Defendant to make available for inspection certain specified records, all of which were necessary to conduct a complete audit of Defendant's contributions, including payroll records, remittance reports, quarterly payroll tax returns and annual W-2 forms, payroll disbursement journals and/or checkbooks, and copies of all paid invoices on temporary or leased employees

23. The Accounts Receivable Supervisor's letter instructed Defendant to gather all of the necessary documentation and to have it ready by November 17, 2017.

24. Defendant did not provide the Pension Fund with the requested records by November 17, 2017, and has not provided those documents through to the

present.

25. On information and belief, Defendant has failed and refused, since at least January 1, 2012, to report and make contributions for certain employees working in classifications covered by its collective-bargaining agreements with the Local Union. The amount of Defendant's delinquent contributions is to be determined at or before trial.

26. Without access to the requested records, the Pension Fund cannot determine whether Defendant has complied fully and timely with its contribution obligations to the Pension Fund, and cannot determine the extent of Defendant's refusal and failure to report and make contributions for employees working in classifications covered by its collective-bargaining agreements with the Local Union.

## FIRST CAUSE OF ACTION

**(Breach of Collective Bargaining Agreement & Breach of Trust Agreement)**

27. Plaintiffs re-allege and incorporate by reference Paragraphs 1-26.

28. Defendant's failure and refusal to submit to an audit with respect to its contributions to the Pension Fund is a breach of its obligations under the collective bargaining agreements, under the Standard Clause, and under the Trust Agreement. Causes of action to redress that breach are provided by Section 301 of the LMRA, 29 U.S.C. § 185(a), and Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

29. Under Section 301 of the LMRA, 29 U.S.C. § 185(a), and Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1), Plaintiffs are entitled to enforce their right to conduct a complete audit of Defendant's records, to reasonable attorneys' fees and costs of this action, and to the additional audit costs that will be necessary because of Defendant's breach of its obligations under the collective-bargaining agreements and under the Trust Agreement.

## SECOND CAUSE OF ACTION

**(Breach of Collective Bargaining Agreement & Failure to Make Contributions to Employee Benefit Plan)**

30. Plaintiffs re-allege and incorporate by reference Paragraphs 1-29.

31. Defendant's failure to make all of its required contributions is a breach of its obligations under the collective-bargaining agreements, the Standard Clause, and the Trust Agreement. Causes of action to redress that breach are provided by Section 301 of the LMRA, 29 U.S.C. §185(a), and Section 515 of ERISA, 29 U.S.C. § 1145.

32. Under ERISA Section 515, 29 U.S.C. § 1145 and ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), Defendant is obligated to the Pension Fund and the Pension Trustees to pay the full amount of its delinquent contributions, plus interest, liquidated damages, attorneys' fees, and costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1. A declaration that Defendant's failure and refusal to provide the records that have been determined by the Pension Fund's representatives to be necessary for a complete audit with respect to Defendant's contributions to the Pension Fund violates Defendant's obligations under the collective-bargaining agreements and the Trust Agreement;

2. An order that Defendant produce all records reasonably requested by the Pension Fund's auditors for the purpose of conducting a complete audit of Defendant's contributions to the Pension Fund for the time period January 1, 2012 through the present;

3. Damages in the full amount of the delinquent contributions Defendant owes to the Pension Fund for the period from January 1, 2012 through the present, together with interest, and liquidated damages, as required by the Trust Agreement and by ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), in amounts to be

established at trial;

4. Attorneys' fees and costs, plus the additional cost of the audit that will be incurred because Defendant refused to provide the requested records, as damages for Defendant's breach of its collective bargaining agreement, and pursuant to Article V Section 4 of the Trust Agreement, and Section 502(g) of ERISA, 29 U.S.C. § 1132(g), in amounts to be established at trial; and

5. Such additional relief as the Court deems just and proper.

DATED: March 29, 2018        Respectfully submitted,

By: /s/ *Kirk M. Prestegard*
KIRK M. PRESTEGARD
BUSH GOTTLIEB
A Law Corporation
801 N. Brand Boulevard, Suite 950
Glendale, CA 91203
kprestegard@bushgottlieb.com
Telephone: (818) 973-3200

JULIA PENNY CLARK*
ADAM BELLOTTI*
BREDHOFF & KAISER, P.L.L.C.
805 15th Street N.W., Suite 1000
Washington D.C. 20005
jpclark@bredhoff.com
abellotti@bredhoff.com
Telephone: (202) 842-2600

Attorneys for Bakery and Confectionery Union and Industry International Pension Fund and Board of Trustees of the Bakery and Confectionery Union and Industry International Pension Fund

*Pro hac vice application forthcoming

A copy of this Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail, as required by ERISA Section 502(h), 29 U.S.C. § 1132(h).